IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY BOWDEN, : | |
| Plaintiff : | |
| VS. : | NO. 5:11-CV-437-MTT-MSH |
| NATHANIEL FAUQUIER, et. al. : | |
| Defendants : | |

## ORDER

Plaintiff **ANTHONY BOWDEN**, a prisoner at the Peach County Jail in Fort Valley, Georgia, has apparently filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 based upon an alleged denial of medical care. Plaintiff, however, has failed to present his claim on the standard 42 U.S.C. § 1983 forms required by this Court. Plaintiff is thus **ORDERED** to complete and submit a standard 42 U.S.C. § 1983 complaint form. When completing the standard form, Plaintiff should fully describe the specific actions taken by each of the named defendants or the duties they failed to perform that violated his constitutional rights. Plaintiff should also describe the injuries he received and the medical treatment requested.

On the same day his Complaint was filed, Plaintiff also filed two motions. The first Motion seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is presently unable to prepay

1

the full cost of commencing this action, Plaintiff's Motion to Proceed *in forma pauperis* [Doc. 2] is hereby **GRANTED**.   Plaintiff, however, will still be required to eventually pay the full amount of the $350.00 filing fee.  Fees are not refundable, regardless of the outcome. *See* 28 U.S.C. § 1915(b)(1).   Plaintiff will also remain responsible for the entire filing fee, even if his lawsuit is dismissed prior to service.   Moreover, having reviewed Plaintiff's trust fund account statement, the Court finds that Plaintiff may now be able to prepay at least a portion of the filing fee.   Thus, pursuant to 28 U.S.C. § 1915(b)(1)(B), Plaintiff is **ORDERED** pay an initial partial filing fee of **$ 3.00**.

In a second motion, Plaintiff requests that counsel be appointed to assist him in prosecuting this case.   Generally speaking, no right to counsel exists in civil rights actions. *See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975).   It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).   Moreover, in this instance, Plaintiff's Motion for Appointment of Counsel is premature.   Until such time as the Court has an opportunity to review responsive pleadings of the Defendants, it cannot properly evaluate Plaintiff's need for counsel.   However, if it becomes apparent later in the proceedings that counsel should be appointed, after due consideration of the complexity of the issues raised or their novelty, the Court will entertain a renewed motion. *See Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).   At this time, Plaintiff's Motion for Appointment of Counsel [Doc. 3] must be **DENIED.**

In light of the foregoing, the Clerk of Court is **DIRECTED** to forward the

appropriate 42 U.S.C. § 1983 forms **showing this case number** to Plaintiff together with a copy of this Order.   Plaintiff must then complete and file his § 1983 complaint form **AND** submit a **$ 3.00** initial partial filing fee within **TWENTY-ONE (21) DAYS** of the date of this Order.  **Failure to comply with any portion of this Order may result in the dismissal of Plaintiff's Complaint**.

There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 16th day of November, 2011.

S/STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE