IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTHONY BOWDEN,                :
                               :
    **Plaintiff**             :
                               :
VS.                            :
                               :  NO. 5:11-CV-437-MTT-MSH
                               :
NATHANIEL FAUQUIER, et. al.    :
                               :
    **Defendants**            :
_____

**ORDER**

Plaintiff Anthony Bowden, a pre-trial detainee at the Peach County Jail in Fort Valley, Georgia, has filed a *pro se* civil rights complaint using the standard 42 U.S.C. § 1983 complaint form as required by this Court and has paid an initial partial filing fee. However, before the Court can conduct a review of Plaintiff's Complaint, as required by 42 U.S.C. §1915A, Plaintiff will need to file a second supplement to his Complaint.[1]

According to the Complaint, Plaintiff was injured in an automobile accident while he was a passenger in a City of Byron police car. After the accident, Plaintiff apparently informed Defendant Officer Nathaniel Fauquier that he was "hurt," but Fauquier failed to offer him any medical assistance. Other officers on the scene, Defendants Bowman and Smith, likewise failed to offer Plaintiff any medical care. The Complaint further alleges that Plaintiff was again denied medical care by the nursing staff when he arrived at the

---

[1] Plaintiff's initial Complaint was not drafted using the standard § 1983 complaint form. When he submitted the required form, as required by the Court on November 16, 2011, it was docketed as a supplement to his original complaint [Doc. 9].

Peach County Jail and that, when he finally received medical treatment from Defendant Dr. Ru, the treatment was still deficient in some way.

Plaintiff's Complaint, however, fails to sufficiently explain Defendants' knowledge of his injuries or describe the individual actions which amounted to a denial of medical care.  Plaintiff, in fact, does not make any allegations against Defendant J. Sellers. Plaintiff's Complaint thus fails to provide enough detail to allow the Court to determine whether he has stated a plausible claim against any defendant.  More specific allegations (e.g., why Plaintiff's need for medical attention was obvious; why the defendants should have known that Plaintiff needed medical attention; and/or how the care provided was deficient) may remedy his pleading problems. *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988).

Plaintiff is therefore **DIRECTED** to supplement his present Complaint by describing the specific actions taken by each of the named Defendants or the duties that each failed to perform that allegedly violated his constitutional rights. Plaintiff should specifically add detail describing how each Defendant was aware of his injuries and/or failed to provide him with medical care.

The supplement should not exceed five (5) handwritten pages, and Plaintiff will have only **TWENTY-ONE (21) DAYS** from the date of this Order to submit his second supplement.  If Plaintiff fails to respond to this Order in a timely manner, his Complaint may be dismissed.  In light of the Court's Order and Plaintiff's first supplement, Plaintiff's pending Motion to Amend his Complaint [Doc. 8] is deemed **MOOT** and is **DISMISSED** as such.  Plaintiff made the amendments sought in his Motion when he

2

completed and filed the standard complaint form on November 21, 2011.   Any additional amendments may be made in his second supplement.

There shall be no service of process until further order of the Court.

**SO ORDERED**, this 28th day of November 2011.

                        S/STEPHEN HYLES
                        UNITED MAGISTRATE JUDGE