IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANTHONY BOWDEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 5:11-CV-437 MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| NATHANIEL FAUQUIER, *et al.,* | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Presently pending before the Court is Defendants Fauquier and Bowman's Partial Motion to Dismiss. (ECF No. 53.) Plaintiff was notified of his right to respond to the motion and did so on March 20, 2012. (ECF No. 56.) Defendants then filed a Reply to Plaintiff's Response on March 21, 2012. (ECF No. 59.) For the reasons stated below, Defendant's motion should be granted.

**DISCUSSION**

**I.   Statement of Facts**

Plaintiff Anthony Bowden, an inmate currently housed at the Coastal State Prison in Garden City, Georgia, has filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Compl. 4, ECF No. 1). Plaintiff's Complaint alleges that on July 30, 2011, he was riding in the back seat of a City of Byron police car driven by Defendant Officer Fauquier of the City of Byron Police Department. (Compl. 2). Plaintiff alleges that Fauquier was driving on the wrong side of the road in excess of eighty miles per hour

when the car was involved in a "head-on" collision. (*Id.*) Plaintiff, whose hands were cuffed behind his back and not wearing a seatbelt, alleges he was injured in the accident. (*Id.*) After the accident, Plaintiff contends he informed the Defendants that he was 'hurt," but the Defendants failed to offer him any medical assistance. (*Id.* at 3.) Plaintiff alleges he was then taken to the Byron Police Department and transported to the Peach County Jail where he was again denied medical care by the nursing staff. (*Id.*)

Plaintiff alleges that Defendant Officers Fauquier and Bowman both denied him medical attention. (*Id.*) Plaintiff also seeks damages for injuries he received in the car accident because the Defendants failed to restrain him in a seatbelt and drove recklessly prior to the accident. (*Id.*) Based on the above facts, Plaintiff has brought claims against the Defendant Officers alleging violations of his Fifth, Eighth, and Fourteenth Amendment rights.

## II. Partial Motion to Dismiss

### A. Standard for Rule 12(b)(6) Motion to Dismiss

When considering a motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) the Court must accept as true all facts set forth in the plaintiff=s complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S.

at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

B.  Failure to State a Claim

To state a valid claim pursuant to 42 U.S.C. § 1983, the United States Supreme Court has held that a plaintiff must demonstrate that he was deprived of a federally constituted right by a state actor. *Parratt v. Taylor*, 451 U.S. 527, (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S. Ct. 662 (1986). If Plaintiff is unable to establish that a constitutional right has been violated, no valid § 1983 claim has been made.

In this case, Defendants contend that certain claims against them should be dismissed for Plaintiff's failure to state a claim against them in their individual capacities. Defendant Fauquier also contends that Plaintiff's claims that he failed to restrain Plaintiff and drove at a high rate of speed fail to state valid § 1983 claims against him.

3

### (i).     Official Capacities

Plaintiff has sued the Defendants in both their official and individual capacities. The Eleventh Circuit has held that "[o]fficial capacity claims are tantamount to a suit against the governmental entity involved[.]" *Jones v. Cannon*, 174 F.3d 1271, 1293 n.15 (1999). The Eleventh Circuit has also held that a proper claim under § 1983 requires the Plaintiff to file suit against a "person" or entity capable of being sued. *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992); *see also Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004). The "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d at 1214-15. Georgia only "recognizes three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue," such as a partnership. *Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318 (1988) (citations omitted). If a named defendant or plaintiff is not a natural person, a corporation, or a partnership, the suit is improper. *Smith v. Comm'rs of Rds. & Revenue of Glynn Cnty,* 198 Ga. 322, 324, 31 S.E.2d 648, 649 (1944). The Georgia Supreme Court has held that this type of defect is not amendable. *Id.;* see also *Bd. of Rd. & Revenue Comm'rs of Candler Cnty. v. Collins,* 94 Ga. App. 562 (1956).

Both Defendants in this case are employees of the City of Byron Police Department. The City of Byron Police Department is not, however, a legal entity subject to suit. *See Robinson v. Hogansville Police Dep't*, 159 F. App'x 137, 138 (11th Cir.

4

2005) ("We have recognized that sheriff's departments and police departments are not usually considered legal entities subject to suit.")  A governmental entity or municipality may only be deemed a "person" for purposes of § 1983 liability if the Plaintiff shows that an "official policy" of the entity causes a constitutional violation.  *See Grech v. Clayton Cnty, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  Thus, the Plaintiff must at least allege "either (1) an officially promulgated [entity] policy or (2) an unofficial custom or practice of the [entity] shown through the repeated acts of a final policymaker for the [entity]." *Id.; Monell,* 436 U.S. at 690-91; *Brown v. Neumann,* 188 F.3d 1289, 1290 (11th Cir.1999).  A review of the pleadings reveals that Plaintiff has failed to allege that an official policy or practice of "the City of Byron" violated his constitutional rights.  Plaintiff has therefore failed to state a claim against the Defendants in their official capacities and those should be dismissed.

    (ii). Defendant Fauquier

Defendant Fauquier contends in the motion to dismiss that Plaintiff has failed to state a claim against him with regard to Plaintiff's allegations that he failed to restrain Plaintiff in the back seat of the police vehicle and drove at a high rate of speed at the time of the incident in question.  (Defts' Mot. 10, ECF No. 53.)

A plaintiff who challenges the conditions of his confinement under the standard set by the Eighth Amendment, must prove that the conditions complained of constitute "cruel and unusual punishment."  *U.S.C.A Const. Amend 8.*   In this case, Plaintiff's

claims that he was not restrained properly fall under the Eighth Amendment's prohibition against cruel and unusual punishment. A viable Eighth Amendment claim has both a subjective and an objective component. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994). The subjective component requires proof that the officials acted with subjective deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03, 111 S. Ct. 2321 (1991). The objective component requires proof that the deprivation was sufficiently serious. *See Hudson v. McMillian*, 503 U.S. 1, 8-9, 112 S. Ct. 995 (1992). A prison official may be held liable under the Eighth Amendment only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847, 114 S. Ct. 1970.

The undisputed facts in this action fail to establish a constitutional violation. The injury alleged by Plaintiff occurred not from any deliberate act on the part of the Defendants, but from an unforeseeable accident. Plaintiff himself contends that the actions of the Defendants in this case were negligent, i.e. not deliberate. (Pl.'s Supp. Compl. 1; ECF No. 12.) Although Plaintiff claims he should have been restrained with a seatbelt and contends that Defendant Fauquier was driving recklessly, Plaintiff has failed to make a sufficient showing that Defendants actions constituted cruel and unusual punishment. Thus, Plaintiff has failed to satisfy the subjective prong of an Eighth Amendment claim, and, as such, Plaintiff has failed to state a cognizable claim.

Defendant also contends that Plaintiff's claims against him in his individual

capacity should be dismissed because he is entitled to qualified immunity.  (Mot. to Dismiss 12.)   Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known.  In sum, qualified immunity is a guarantee of fair warning. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999).  Specifically, "[t]he doctrine of qualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009) (internal quotation marks omitted).

      Under qualified immunity analysis, the public official must first prove he was "engaged in a 'discretionary function' when he performed the acts of which plaintiff complains." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1263 (11th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  The burden then shifts to the plaintiff to establish that qualified immunity does not apply.  *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2004).   In this case, it is undisputed that Defendant Fauquier was acting within the scope of his discretionary authority as a police officer when he arrested Plaintiff after a traffic stop.  *See Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002).  Once that determination is made, the burden shifts to Plaintiff to show that the Defendant is not entitled to qualified immunity.  *Id.*

The first qualified immunity inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, the facts show that the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001) *overruled in part by Pearson v. Callahan,* 555 U.S. 223 (2009) (based on the circumstances of the particular case, the courts are now able to decide which of the two inquiries should be addressed first); *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). The second qualified immunity question is whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 201. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he was doing violates that right." *Id.* If either element of the qualified immunity test is decided against the Plaintiff, the Defendant is entitled to qualified immunity.

In this case, as discussed *supra*, it has been determined that no constitutional violation occurred with respect to Defendant Fauquier's failure to restrain Plaintiff in a seatbelt and Defendant's alleged reckless driving. Plaintiff, therefore, is unable show that qualified immunity should be denied in this case. Thus, Defendant Fauquier is entitled to qualified immunity and the claims against Defendant Fauquier should be dismissed.

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant's Partial Motion to Dismiss be GRANTED for the above stated reasons. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the

United States District Judge within FOURTEEN (14) days after being served with a copy hereof.

SO RECOMMENDED, this 5th day of October, 2012.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE